UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

RICHARD PITCHER,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

              Respondent.

----------------------------------------------------------X

<u>OPINION AND ORDER</u>

10 CV 3454 (ARR)

ROSS, UNITED STATES DISTRICT JUDGE:

By <u>pro se</u> petition filed July 26, 2010, Richard Pitcher ("petitioner" or "Pitcher") seeks, pursuant to 28 U.S.C. § 2255, to vacate his jury conviction of two counts of an indictment charging him with conspiring to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 963, and conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. On April 12, 2006, Pitcher was sentenced principally to concurrent terms of 120 months' imprisonment on the two counts. On March 23, 2009, the Second Circuit Court of Appeals affirmed the conviction and the Supreme Court subsequently denied Pitcher's petition for writ of certiorari. Because the background of Pitcher's prosecution, the evidence adduced against him at trial, and what transpired at his suppression hearing have been fairly and accurately summarized in the government's brief on this petition, <u>see</u> Memorandum in Opposition to Petition pursuant to 28 U.S.C. § 2255, pp. 1-16, I need not repeat them here.

Pitcher's habeas petition under 28 U.S.C. § 2255 advances four claims of ineffective assistance of his trial counsel, Anthony Lombardino, Esq., all relating to counsel's performance in connection with Pitcher's suppression hearing. Specifically, Pitcher contends that counsel (1) failed adequately to investigate and prepare for the suppression hearing, as a result of which counsel failed to adduce probative evidence of Pitcher's ignorance of his constitutional right to refuse consent to search his vehicle, (2) failed timely to challenge the search of Pitcher's residence, (3) failed to challenge the admissibility under Miranda of his post-arrest statements, and (4) failed to renew at trial his suppression of evidence objections, thereby allegedly forfeiting the issues on appeal. Alternatively, in his reply memorandum, Pitcher seeks an evidentiary hearing to establish that he is entitled to habeas relief. Because each claim of ineffective assistance of counsel is patently meritless, and because Pitcher has made no showing warranting an evidentiary hearing, the petition is denied.

## DISCUSSION

The outcome of Pitcher's habeas petition is governed by the standards enunciated in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must meet both requirements of a two-pronged test. First, he must demonstrate that counsel's performance, measured by an "objective standard of reasonableness," was "deficient" in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, he must also show a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. At 696. Further, a court may dispose of an ineffectiveness claim on the ground of lack of the requisite prejudice, without reaching the question of whether counsel's

2

performance was deficient. Id. at 697.

I.    Counsel Was Not Ineffective in Failing to Investigate and Prepare for the Suppression Hearing Challenging the Legality of the Search of Pitcher's Vehicle

In support of the pre-trial suppression motion, which initially challenged only the search of petitioner's vehicle following his arrest, counsel submitted petitioner's affidavit attesting, in part, that: "[T]he search of my vehicle was without a warrant and without my consent all in contravention to my constitutional safeguards as they pertain to search and seizure." At the conclusion of the suppression hearing, Magistrate Judge Roanne L. Mann, having credited the testimony of the two testifying government agents, found that the government had met its burden of establishing that, immediately after his arrest, Pitcher voluntarily consented to the search of his vehicle. More specifically, she wrote, in part:

> [B]y the time [the agent] asked defendant if he would permit a search of his car, the officers had holstered their weapons, defendant was on his feet, and the pat-down search had concluded. During the entire encounter, defendant was not hidden from public view inside his home or in a precinct, no physical force was used, and no threats were made to obtain consent. Moreover, defendant's consent, which included the statement, "go right ahead," was unequivocal, such that it was reasonable for the agents on the scene to believe that it was freely made. In addition, nothing in defendant's demeanor – which was "polite" and "cooperative" -- suggested that his consent was the product of coercion or duress. The record contains no direct evidence as to defendant's subjective state of mind and no proof (direct or otherwise) that the consent in this case was the product of any "vulnerable subjective state of the person who consent[ed]." Schneckloth v Bustamente., 412 U.S. 218 at 229 (1973). While it is entirely possible that an individual in a "vulnerable subjective state" might feel constrained to consent in similar circumstances, the record in this case portrays a defendant who was alert, calm and clear-headed when he gave his consent.

Report and Recommendation ("R&R"), pp. 6-7. Upon de novo review of the record, I adopted Judge Mann's Report and Recommendation as the opinion of the court pursuant to 28 U.S.C. §

636(b)(1). Accordingly, I denied Pitcher's motion to suppress the physical evidence seized from his vehicle, in particular, a document (Gov. Ex. 36) recording airline codes and drug smuggling methods, which corroborated the trial testimony of the government's cooperating witnesses. On appeal, the Second Circuit rejected Pitcher's challenge to the correctness of this determination. United States v. Adams, 316 Fed. Appx. 60, 65 (March 21, 2009).

On habeas, in attacking the adequacy of counsel's investigation in preparation for the suppression hearing, Pitcher assails the affidavit counsel submitted in support of the hearing as "vague" and "conclusory" in that it "fail[ed] to delineate the infirmities of the search." In his affidavit in support of his habeas petition, however, Pitcher offers only one alleged fact to which he would have attested had his counsel conducted a proper investigation – that he was never advised and did not know that he had a right to refuse the agents' request that he consent to a search of his vehicle. This assertion of ignorance is of no avail to petitioner because, even if it had been elicited at the hearing and credited by the court, it could not have changed the outcome of the suppression motion.

At the outset, it is notable that Pitcher's alleged ignorance of his right to refuse consent was in fact elicited at the suppression hearing by defense counsel. During his cross-examination of one of the testifying government agents, Mr. Lombardino inquired: "Did you ever tell ... [the defendant] that he did not have to give you consent, that it was his constitutional right to refuse to give his consent?" The agent replied, "No." (Suppression Hearing Transcript of May 6, 2005, p. 39.) More importantly, the Supreme Court has made clear that knowledge of the right to refuse consent is only one factor to be taken into account in determining the validity of consent. Ohio v. Robinette, 519 U.S. 33, 39 (1996) (citing Schneckloth at 227). Indeed, in addressing the identical

4

contention raised by defense counsel in his objections to Judge Mann's Report and Recommendation – that the defendant was unaware of his right to refuse consent, I concluded that, notwithstanding this fact, "[h]aving considered the circumstances surrounding Pitcher's consent, about which the witnesses testified at the suppression hearing, ... the government has proven that defendant Pitcher's consent to search was not coerced." Opinion and Order dated May 17, 2005, p. 4. Nothing in the record suggests that a different result might be reached now. There is no possibility that the inclusion in Pitcher's affidavit or live testimony at the suppression hearing of his ignorance of the right to refuse consent to search would have resulted in a different outcome. His claim of ineffective assistance of counsel on this basis must therefore be rejected.

II.     Counsel Was Not Ineffective in Failing to Challenge the Search of Pitcher's Residence

During the midst of the suppression hearing, when it became evident that counsel had wrongly assumed that the agents had secured a search warrant for Pitcher's residence, counsel contested, for the first time, the legality of that search. Although Judge Mann ultimately concluded that under Rule 12(e), Fed. R. Crim. Pro., Pitcher had waived his right to challenge that search by failing to raise a timely objection, she also concluded that Pitcher's voluntary consent to a search of his residence was established by the same evidence and analysis that supported her finding that his consent to the search of his vehicle was voluntary. R&R, p. 9. In adopting Judge Mann's Report and Recommendation upon de novo review, I also reached the conclusion that Pitcher's consent to the search of his residence was voluntary. Opinion and Order dated May 17, 2005, p. 5. In any event, because none of the evidence introduced at trial was directly or indirectly recovered from (or as a result of) the search of Pitcher's home, he cannot establish that he was in any way prejudiced by counsel's failure to bring on this suppression

motion in a timely fashion.

III. Counsel Was Not Ineffective in Failing to Move to Suppress Pitcher's Post-Arrest Statements

As the government points out in its brief, defense counsel is not required automatically to file a suppression motion in every case involving a post-arrest statement, United States v. Aulet, 618 F.2d 182, 187 (2d Cir. 1980), and need only exercise "professional discretion in deciding whether there are sufficient grounds" to file a motion. LiPuma v. Dep't of Corrections, 560 F.2d 84, 93 (2d Cir. 1977). Plainly, such a motion in this case would have been futile because the trial evidence establishes that Pitcher knowingly, intelligently, and voluntarily waived his Miranda rights.

Following Pitcher's arrest, agents brought him to an interview room in their offices at John F. Kennedy Airport. There, in the presence of two unarmed agents and while Pitcher was subject to no restraint, an agent informed him of his Miranda rights. After the agent read those rights aloud to Pitcher from a Statement of Rights Form, he presented Pitcher with the form. Having paused to read the form to himself, Pitcher then initialed and signed it and proceeded to relate a series of statements. Nothing in the record suggests that Pitcher ever requested an attorney or refused to speak to the agents.( See Tr. 673-77 and Gov. Ex. 39.)

In urging that counsel was deficient in failing to file a suppression motion, Pitcher points to the five hour delay between his arrest and the administration of Miranda rights. As the government observes, however, Pitcher makes no allegation that he was interrogated prior to being advised of his rights. Pitcher's unelaborated assertion in his habeas affidavit that he and one or more unidentified law enforcement agents engaged in unspecified "unofficial dialogue"

before he was given his rights is far too vague and conclusory to amount to a cognizable factual assertion that pre-Miranda, he was subjected to any custodial interrogation at all. Much less does it amount to an assertion that he was subjected to interrogation that was part of a deliberate two-step strategy not only calculated to undermine the Miranda warning but also of such nature, duration, and circumstances as to vitiate the effectiveness of his subsequent waiver. The record thus requires the rejection of Pitcher's claim that counsel was ineffective in foregoing a suppression motion based on a violation of Pitcher's Miranda rights.

IV.     Counsel Was Not Ineffective in Failing to Renew His Suppression Objections at Trial

Contrary to Pitcher's assertion, there is no requirement that a defendant "renew" his suppression motion at trial to preserve suppression issues for appeal. Indeed, as the government notes, Pitcher himself appealed the denial of his suppression motion although the issue was not "renewed" during his trial. On appeal, the Circuit did not deem his arguments to be waived or forfeited; rather, the Circuit rejected his arguments on the merits. Counsel's failure to advance an improper and redundant argument at trial cannot form the basis of an ineffective assistance of counsel claim.

V.      Pitcher Has Made No Showing Warranting an Evidentiary Hearing

The thrust of Pitcher's reply memorandum is that defense counsel's asserted overall failure to investigate the suppression issues itself demonstrates counsel's ineffectiveness, presumably satisfying the first prong of Strickland; and that Pitcher suffered prejudice thereby, in satisfaction of the second prong of Strickland, as a result of the admission into evidence against him of both the document seized during the search of his vehicle, which provided important corroboration of the testimony of the cooperating witnesses, and Pitcher's own self-inculpatory

7

post-arrest statements. Thus, according to Pitcher, counsel's asserted general investigatory deficiencies themselves require an evidentiary hearing to "resolve disputed issues." The argument is flawed in that Pitcher has failed to assert – by evidence in affidavit form or even by mere argument – the existence of any proof that, if true, would warrant the grant of habeas relief. It is Pitcher, not the government, who bears the burden of adducing evidence of facts that would entitle him to relief had they been disclosed by counsel's reasonable investigation. Contrary to his contention, Pitcher's generalized allegations of the shortcomings of counsel's investigation do not meet that standard. He has adduced no proof requiring the government to come forward with evidence by producing an affidavit from trial counsel, by undergoing an evidentiary hearing, or by any other means. Accordingly, Pitcher's request for an evidentiary hearing is denied.

## CONCLUSION

For the foregoing reasons, the petition is denied in its entirety. Because Pitcher has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED:

Dated: Brooklyn, New York
       February 25, 2011

/Signed by Judge Ross/

---
Allyne R. Ross
United States District Judge

COPIES WERE FORWARDED TO:

Petitioner

Richard Pitcher
#70585-053
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640


Jessica Reid
Assistant U.S. Attorney
U.S. Attorney's Office
EDNY
271 Cadman Plaza East
Brooklyn, NY 11201